## JAMES M. LEARNED *v.* ROBERT HALEY AND J. H. SMYTH.

RELATION OF TRUST AND CONFIDENCE BETWEEN ATTORNEY AND CLIENT—TITLE.— Where S., as attorney for plaintiff, conducted certain judicial proceedings to acquire the title to the property of H., which title did not pass, or was defective by reason of defects in said judicial proceedings, and after said relation of attorney and client had ceased, S. having discovered said defects, negotiated and purchased with defendant's money said property from H., in the name of and for the benefit of plaintiff alone, as his attorney : *held*, first, that in law plaintiff and defendant were strangers ; and, second, that in the absence of actual fraud on the part of the defendant, his title so acquired could not be subordinated to a trust in favor of plaintiff.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action to restrain the further prosecution of a certain action by defendant Haley against plaintiff and others to recover certain lots in San Francisco, and to compel a conveyance thereof from the former to the latter. The action was tried before the Court without a jury. Plaintiff had judgment as prayed, and defendants moved for a new trial on the ground (among others) that the evidence was insufficient to justify the findings and decision of the Court. It appeared from the evidence contained in the statement on motion for new trial, that defendant Smyth, as attorney for plaintiff, conducted certain judicial proceedings instituted by plaintiff for the purpose of acquiring the title of said lots, then the property of one Hill. After the full completion of such proceedings, in which the plaintiff had purchased the property at judicial sales as the result of said

proceedings, and the relation of attorney and client between plaintiff and Smyth had ceased, the latter, having discovered a fatal defect in said judicial proceedings, whereby plaintiff's title by purchase at said judicial sales failed, negotiated a purchase of said lots from Hill to defendant Haley. This negotiation was conducted by Smyth as the attorney of Haley, and not for his own benefit, in whole or in part. Haley then brought suit against Hill and others to obtain possession of said lots, when this action was brought to restrain the further prosecution of said action, and to compel a conveyance to plaintiff by defendant Haley and others of the Hill title acquired as aforesaid by Haley. The motion was denied, and defendants appealed from the judgment and order denying said motion.

The other facts which are necessary to understand the points decided, are stated in the opinion of the Court.

*Sharpstein & Hastings,* for Appellant.

Appellant having paid the consideration and secured a conveyance to himself, succeeded to all the right, title, estate, and interest of Hill in the premises.

Appellant and respondent were strangers to each other. There was no relation between them which forbade appellant's doing what he did. In the absence of any such relation, appellant took the estate, charged with and subject to no other liens or equities than what had attached to it before the conveyance was made. As between appellant and respondent, who are admitted to have been total strangers to each other, no rule of equity more favorable to the latter than that can be invoked in his behalf. For "Courts of equity will not arrest or set aside an act or contract merely because a man of more honor would not have entered into it. There must be some relation between the parties which compels the one to make a full discovery to the other, or to abstain from all selfish projects." (1 Story's Equity Juris., 8th Ed., Sec. 308.)

*J. B. Hart*, for Respondent.

The appellant Smyth became aware of the defect in the respondent's title by being and acting as the attorney of respondent in procuring him his title from Hill.

It was a fraud in the appellant Smyth to buy the Hill title to respondent's lot, without first giving the respondent an opportunity to make the purchase himself.

The appellant Haley cannot avail himself of the fraudulent purchase made by Smyth.

By the Court, SANDERSON, J.:

Had Smyth purchased Hill's title and taken a conveyance to himself or to Haley, with the knowledge and consent of the latter, to hold for his own benefit, perhaps the plaintiff would have been entitled to recover, notwithstanding the relation of attorney and client had long since ceased between the plaintiff and Smyth. Having acted as the attorney at law of the plaintiff, and conducted the judicial proceedings through which he undertook to obtain Hill's title, Smyth might not have been allowed to take advantage of any defect in those proceedings to obtain Hill's title for himself. Such conduct on the part of Smyth might have amounted to a constructive fraud upon the plaintiff, and equity might, upon the facts supposed, have charged the former as trustee for the latter, and compelled a conveyance of the title so obtained. But upon that question it is unnecessary to express an opinion, for the evidence fails to make a case of that character. On the contrary, the purchase was made by Smyth as the agent of Haley, and not for himself. Haley paid the purchase money, and the conveyance was made to him. Smyth had no interest whatever in the transaction, except as the agent of Haley. He has neither received any benefit from the transaction, nor is he hereafter to receive any advantage by reason of any secret understanding between him and Haley.

In short, Haley purchased and paid for Hill's title, and Hill conveyed to him, and he holds it for himself, and not for Smyth. Such being the facts, we are unable to perceive upon what ground Haley can be declared the trustee of the plaintiff. The mere fact that he may have discovered the defect in the judicial proceedings by which the plaintiff undertook to obtain Hill's title through Smyth, and employed Smyth to obtain Hill's title by purchase for him, could not have made Haley guilty of a constructive fraud upon the plaintiff. There was no reason in law or equity, however much there may have been in morals, why, if so. disposed, Haley could not purchase Hill's title for his own use and benefit. No relation of trust and confidence existed between him and the plaintiff, by reason of which he was bound to disclose to the plaintiff the defect in his title, or to be precluded from purchasing for himself. On the contrary, as the case shows, they were not only strangers in law but strangers in fact.

The claim made by the respondent, that Haley was guilty of actual fraud, is entirely unfounded. Actual fraud is neither alleged in the complaint, nor disclosed in the testimony, nor found in the findings.

Judgment and order reversed, and new trial granted.